IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JANE DOE (A.L.G.), | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:24-CV-285-RP |
| WYNDHAM HOTEL & RESORTS, et al., | § § § | |
| Defendants. | § § | |

## ORDER

Before the Court is the report and recommendation of United States Magistrate Judge Dustin Howell concerning Defendants Wyndham Hotels & Resorts, Inc., Wyndham Hotel Group, LLC, and Travelodge Hotels, Inc.'s (collectively "Franchisor Defendants") Motion to Dismiss. (Mot., Dkt. 11) (R. & R., Dkt. 46).

A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure *de novo* review by the district court. 28 U.S.C. § 636(b)(1)(C). Because Franchisor Defendants timely objected to the report and recommendation, (Objs., Dkt. 47), the Court reviews the report and recommendation *de novo*. Having done so and for the reasons given in the report and recommendation, the Court overrules Franchisor Defendants' objections and adopts the report and recommendation as its own order.

In their Objections, Franchisor Defendants additionally requested that this Court certify two questions for appeal: "(1) what pleading requirements must a Plaintiff satisfy under 18 U.S.C. § 1595(a) to state a plausible beneficiary liability claim; and (2) whether a franchisor otherwise found not to have participated in or known about an alleged trafficking venture may nonetheless be held vicariously liable under the statute and, if so, the pleading requirements to state a vicarious liability

1

claim." (Dkt. 47, at 1–2). The issuance of a certificate of appealability is "exceptional" and is not the rule. *Clark-Dietz & Assocs.-Eng'rs, Inc. v. Basic Constr. Co.*, 702 F.2d 67, 68 (5th Cir. 1983). Issuing a certificate of appealability requires a controlling question of law, as to which there is a substantial ground for difference of opinion, and that an immediate appeal from the order may advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).

First, there is not a "substantial" ground for difference of opinion as is required. 28 U.S.C. § 1292(b). That the Fifth Circuit has not weighed in on the precise questions at issue here does not prevent this Court from following the weight of other persuasive authority as described in the report and recommendation, and applying the relevant statute to the facts alleged in the instant case. (*See* Dkt. 46). Indeed, the threshold for establishing a "substantial ground for difference of opinion" is higher than mere disagreement or even the existence of some contrary authority. *Coates v. Brazoria Cty. Tex.*, 919 F. Supp. 2d 863, 868 (S.D. Tex. 2013) (citation omitted) ("[S]imply because a court is the first to rule on a question or counsel disagrees on applicable precedent does not qualify the issue as one over which there is substantial disagreement."). And, as Franchisor Defendants acknowledge, (Dkt. 47, at 12), courts in this Circuit have denied certificates of appealability on similar questions. *See, e.g., Doe (K.E.C.) v. G6 Hosp., LLC, et al.*, No. 23-cv-00270-MJT (E.D. Tex. Oct. 18, 2024), ECF No. 112; *Doe (D.D.J.) v. G6 Hosp., LLC, et al.*, No. 23-cv-00269- MJT (E.D. Tex. Oct. 18, 2024), ECF No. 99; *Doe (R.B.) v. G6 Hosp., LLC, et al.*, No. 23-cv-00286-MJT (E.D. Tex. Oct. 21, 2024), ECF No. 70; *Doe (C.L.F.) v. G6 Hosp., LLC*, No. 23-cv-00303-MJT (E.D. Tex. Oct. 21, 2024), ECF No. 71.

Having found there is no substantial disagreement, this Court need not reach the other § 1292(b) requirements. However, the Court notes that Franchisor Defendants have also made no showing that the questions they seek to certify are pure questions of law, rather than questions of how to apply law to fact, as is required. *See Louisiana Patients' Comp. Fund Oversight Bd. v. St. Paul Fire*

2

*& Marine Ins. Co.*, 411 F.3d 585, 588 (5th Cir. 2005) (finding that "[o]ur appellate jurisdiction under § 1292(b) extends only to interlocutory orders involving a controlling question of law" and refusing to consider questions of sufficiency of evidence as a result) (internal quotation marks and citations omitted).

Accordingly, the Court **ORDERS** that the report and recommendation of United States Magistrate Judge Dustin Howell, (R. & R., Dkt. 46), is **ADOPTED**. Defendants' Motion to Dismiss, (Dkt. 11), is **DENIED**.

**SIGNED** on February 19, 2025.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE